IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DYLAN WARNICKE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>GERARD NEVEAU,<br><br>　　　　　Defendant. | CIV. NO. 24-00064 HG-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND TRANSFER OR DISMISS THE COMPLAINT |

**FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND TRANSFER OR DISMISS THE COMPLAINT**

Plaintiff Dylan Warnicke ("Plaintiff"), proceeding pro se, filed an *Application to Proceed in District Court Without Prepaying Fees or Costs* ("IFP Application") on February 9, 2024. ECF No. 4. The Court elects to decide this matter without a hearing pursuant to Rule 7.1(d) of the *Local Rules of Practice for the United States District Court for the District of Hawaii* ("Local Rules"). After careful consideration of the *IFP Application*, *Complaint* (ECF No. 1) and applicable law, the Court **FINDS** that Plaintiff has sufficiently demonstrated entitlement to proceed *in forma pauperis* and **RECOMMENDS** that the district court **GRANT** the *IFP Application*. The Court also **FINDS** that it lacks personal

jurisdiction over the Defendant and that venue is improper. The Court thus **RECOMMENDS** to the district court that if Plaintiff seeks to transfer this case, the district court **TRANSFER** this case to the United States District Court of Northern District of Illinois, Eastern Division. If Plaintiff does not seek a transfer or fails to file a supplemental memorandum as directed by this Court, the Court **RECOMMENDS** that the *Complaint* be dismissed without prejudice and without leave to amend.

## DISCUSSION

### I.     IFP Application

The court may authorize a litigant to proceed in litigating a lawsuit without the prepayment of fees if the litigant submits an affidavit stating that he or she is unable to pay the required fees. 28 U.S.C. § 1915(a)(1); *see Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)) (the affidavit "is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life"). The litigant "need not be absolutely destitute[,] . . . [but] must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo*, 787 F.3d at 1234 (citations omitted) (internal quotes omitted).

Plaintiff has provided an affidavit stating that he has a monthly income of $1,800.00, savings in the amount of $800.00, monthly expenses of at least

approximately $1,400.00 and debt of more than $70,000.00 ECF No. 4 at PageID.12-13. The Court considers whether the applicant's annual income surpasses the poverty threshold as determined by the Department of Health and Human Services ("HHS") 2024 Poverty Guidelines when considering whether *in forma pauperis* status is appropriate. *See* Office of the Assistant Secretary for Planning and Evaluation, Poverty Guidelines, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited Apr. 11, 2024). Plaintiff's annual income is $21,600.00, which is slightly above the poverty guidelines for a single-family household in Hawaii. *See id*. (the poverty threshold for a single family household in Hawaii is $17,310.00). Despite having an income above the poverty guideline amount, Plaintiff's income exceeds the guideline by approximately $4,000.00. This slight difference is not enough to disqualify Plaintiff especially in light of Plaintiff's monthly expenses. The Court finds that Plaintiff has demonstrated an inability to pay the required fees and still afford the necessities of life. The Court thus recommends that the *IFP Application* be granted.

## II. <u>Screening of the Complaint</u>

When a plaintiff seeks to proceed *in forma pauperis*, the court must conduct a mandatory screening of the complaint pursuant to 28 U.S.C. § 1915(e). While screening the *Complaint* in this case, because Plaintiff is proceeding pro se, the

Court construes Plaintiff's pleadings liberally. *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003).

This case arises from an accident that occurred on August 30, 2022. ECF No. 1 at PageID.6. Defendant Gerard Neveau ("Defendant") was driving a sedan in Channahon, Illinois and collided with Plaintiff, who claims to have been a "pedestrian scooter." *Id*. Plaintiff claims to have suffered injuries as a result of this collision. *Id*.

### A. <u>Lack of Personal Jurisdiction</u>

At the outset, it appears that Plaintiff has not established that the court has personal jurisdiction over the Defendant. The *Complaint* states that Plaintiff is a citizen of Hawaii, Defendant is a citizen of Illinois and this case was brought before this Court under diversity of citizenship jurisdiction. ECF No. 1 at PageID.4. Because this Court is sitting in diversity and Defendant is an out-of-state citizen, personal jurisdiction is required for this court to adjudicate this case and render judgment against the Defendant.

> The district court considers two factors before exercising personal jurisdiction over a nonresident defendant in a diversity of citizenship case: "(1) whether an applicable state rule or statute potentially confers jurisdiction over the defendant; and (2) whether assertion of such jurisdiction accords with constitutional principles of due process.

*Barranco v. 3D Sys. Corp.*, 6 F. Supp. 3d 1068, 1077 (D. Haw. 2014) (citing *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984)) (citation omitted). "A

4

plaintiff has the burden of establishing personal jurisdiction over a nonresident defendant." *Barranco*, 6 F. Supp. 3d at 1076 (citing *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010)) (citation omitted). In the State of Hawaii, "the state's long-arm statute reaches to the full extent permitted by the Constitution[.]" *Robinson Corp. v. Auto-Owners Ins. Co.*, 304 F. Supp. 2d 1232, 1236 & n. 7 (D. Haw. 2003) (citing *Cowan v. First Ins. Co.,* 61 Haw. 644, 608 P.2d 394, 399 (1980) ("the Hawaii Supreme Court interprets Haw. Rev. Stat. § 634–35 as allowing jurisdiction 'to the full extent permissible by the Due Process Clause of the Fourteenth Amendment.'"). Accordingly, the Court thus turns to whether this Court has personal jurisdiction over the Defendant.

Personal jurisdiction may be general or specific. This Court does not have general jurisdiction over the Defendant. "A court may exercise general jurisdiction over a defendant when the defendant is a resident or domiciliary of the forum state, or the defendant's contacts with the forum state are continuous, systematic, and substantial." *Resnick v. Rowe*, 283 F. Supp. 2d 1128, 1135 (D. Haw. 2003) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–16 (1984)) (citation omitted). Defendant is not a resident or domiciliary of the State of Hawaii. The *Complaint* also does not allege that Defendant had any sort of contact with State of Hawaii.

5

The Court also does not have specific jurisdiction over the Defendant. A court may exercise specific jurisdiction if the following is shown: "(1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; (2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable." *Resnick*, 283 F. Supp. 2d at 1135 (citing *Roth v. Garcia Marquez*, 942 F.2d 617, 620-21 (9th Cir. 1991)). The accident that gave rise to Plaintiff's claims occurred in Channahon, Illinois, and Defendant is a resident of Illinois. The *Complaint* does not make any reference to a connection between Defendant and Hawaii, does not state that Defendant somehow purposefully availed himself to the District of Hawaii and does not state that the collision arose out of Defendant's forum-related (Hawaii-related) activities. Accordingly, the Court finds that it does not have personal jurisdiction over the Defendant.

  B. <u>**Improper Venue**</u>

Although the district court may dismiss this case based on the lack of personal jurisdiction, the Court notes that venue is also improper in this case and that the district court may transfer this case to a court that has personal jurisdiction over the Defendant. A "federal district [court] may only preside over cases for which venue lies." *Ruhe v. Krall*, CV 22-00555 DKW-RT; 2023 WL 3098330, at

\*3 (D. Haw. Apr. 26, 2023) (citing 28 U.S.C. § 1391(b)(1)-(2)). "Venue is proper (1) in any judicial district in which any defendant resides, as long as all defendants are residents of the same state in which the district is located; or (2) in a judicial district in which 'a substantial part of the events or omissions giving rise to the claim occurred." *Ruhe*, 2023 WL 3098330, at \*3 (citing 28 U.S.C. § 1391 (b)(1)-(2)). Venue is not proper in this case under the first requirement because Plaintiff states that Defendant is a citizen of Illinois. Moreover, if Defendant was a citizen of Hawaii, both Plaintiff and Defendant would be citizens of this judicial district, which means that this Court would not have diversity jurisdiction over this case.

Venue is also not proper under the second requirement because the incident giving rise to Plaintiff's claims did not occur in this district. Plaintiff states that Defendant was a driver of a vehicle that collided with Plaintiff, who was at that time a "pedestrian scooter". ECF No. 1 at PageID.6. Plaintiff states that the collision occurred in Channahon, Illinois. *Id*. Plaintiff does not allege that any of the events giving rise to Plaintiff's claim arose in Hawaii nor do any of the events described show that any part of the incident could have occurred in anywhere other than Illinois. Venue in this district court is therefore improper. Because venue is improper, the Court must either dismiss this action or transfer this case to the proper forum.

C. **Transfer of Venue**

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

> To transfer a case, a defendant must first show that the transferee court is one in which the action could have been commenced originally. Second, a defendant must show that transfer would result in greater convenience to the parties and witnesses, as well as advance the interest of justice.

*Barranco v. 3D Sys. Corp.*, 6 F. Supp. 3d 1068, 1076-77 (D. Haw. 2014) (citing 28 U.S.C. § 1404(a)). In considering whether a transfer should be made in the interest of justice, the Court may consider "issues of delay, inconvenience to the parties, and waste of judicial resources" or "when procedural obstacles impede an expeditious and orderly adjudication . . . on the merits." *Bibiano v. Lynch*, 834 F.3d 966, 974 (9th Cir. 2016); *Hazel v. Lappin*, 614 F. Supp. 2d 66, 72 (D.D.C. 2009) (citations omitted) (internal quotations omitted).

In this case, Plaintiff's claims arise from events that occurred in Channahon, Illinois, and Defendant is a citizen of Illinois. ECF No. 1 at PageID.4 & 6. Channahon is located in Will County and Eastern Grundy County in Illinois,[1] and these counties are located within the jurisdiction of the United States District Court

---

[1] Channahon Illinois, https://www.channahon.org/271/Location-Maps (last visited Apr. 11, 2024).

of Northern District of Illinois, Eastern Division.[2] Based on these facts, venue is thus proper in the District of Illinois, Eastern Division.

Based upon the events described and relief sought, it appears that Plaintiff is bringing a personal injury claim. In both Hawaii and Illinois, the statute of limitations for personal injury claims is two years from the incident. Haw. Rev. Stat. § 657-7; 735 Ill. Comp. Stat. Ann. 5/13-202. Plaintiff alleges that the events leading to his injury occurred on August 30, 2022. ECF No. 1 at PageID.6. Two years from this date is a little over four months from the date that this *Findings and Recommendation* was filed. Plaintiff is proceeding pro se, and by the time Plaintiff has the opportunity to refile his claims in the proper court, the statute of limitations will be close to expiring. If the Court does not transfer this case, it is highly likely that Plaintiff may not be able to file his *Complaint* prior to the statute of limitations expiring, and his claims will not be adjudicated on the merits. In addition, a transfer to Illinois would also be convenient for all witnesses and other parties involved as the incident at the heart of this litigation occurred in Illinois. In the advancement of the interest of justice and the consideration of the convenience of all other parties and witnesses, these facts favor a transfer of this case.

---

[2] United States District Court of the Northern District of Illinois, https://www.ilnd.uscourts.gov/Pages.aspx?page=PlaceinHolding (last visited Apr. 11, 2024).

Given that Plaintiff is proceeding pro se, the statute of limitations is close to expiring and venue is proper in the District of Illinois, this Court finds that 28 U.S.C. § 1404(a)[3] is applicable and is inclined to recommend that this case be transferred to the United States District Court for the Northern District of Illinois, Eastern Division. However, the Court arrived at its recommendation by liberally construing the information provided by Plaintiff, but Plaintiff has not himself requested the transfer and it is unclear whether he prefers to do so.

The Court directs Plaintiff to file a one-page supplemental memorandum to the *IFP Application* stating whether he seeks to transfer this case to the District of Illinois **by no later than April 26, 2024**. If Plaintiff seeks a transfer of his case, the Court recommends that the district court transfer this case to the United States District Court for the Northern District of Illinois, Eastern Division. However, if Plaintiff fails to submit a supplemental memorandum by April 26, 2024 or does not seek a transfer, this Court recommends that the *Complaint* be dismissed without prejudice and without leave to amend.

---

[3] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

**CONCLUSION**

The Court **FINDS AND RECOMMENDS** that the district court **GRANT** the *IFP Application*.

If Plaintiff files a supplemental memorandum, **by no later than April 26, 2024**, which indicates that Plaintiff seeks a transfer, the Court **RECOMMENDS** that the district court **TRANSFER** this case to the United States District Court of Northern District of Illinois, Eastern Division.

If Plaintiff fails to file a supplemental memorandum by April 26, 2024 or does not seek a transfer, the Court **RECOMMENDS** that the *Complaint* be dismissed without prejudice and without leave to amend.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, April 11, 2024.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 24-00064 HG-RT; *Dylan Warnicke, vs. Gerard Neveau*; Findings and Recommendation to Grant Plaintiff's Application to Proceed Without Prepaying Fees and Transfer or Dismiss the Complaint

11